IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORINNE KRATOWICZ<br>1550 Sullivan Drive,<br>Blue Bell, Pennsylvania 19422<br><br>  Plaintiff,<br><br>  v.<br><br>ROXBOROUGH SCHOOL OF NURSING<br>5800 Ridge Avenue<br>Philadelphia, Pennsylvania 19128<br><br><br>  Defendant. | JURY TRIAL DEMANDED<br><br><br>CASE NO. |

# COMPLAINT

Plaintiff, Corinne Kratowicz, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955 *et seq*.

## I. PARTIES AND JURISDICTION

1. Plaintiff, Corinne Kratowicz (hereinafter ("Plaintiff") or ("Ms. Kratowicz") or ("Kratowicz"), is an adult individual residing in Blue Bell, Pennsylvania with a mailing address of 1550 Sullivan Drive, Blue Bell, Pennsylvania 17241.

2. Defendant, Roxborough School of Nursing, (hereinafter ("Defendant"), is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a prinicpal place of business at 5800 Ridge Avenue, Philadelphia, Pennsylvania 19128.

3. At all times material hereto, Defendant employed Plaintiff at its 5800 Ridge Avenue, Philadelphia, PA location as set forth above and qualified as Plaintiff's employer.

1

4. Defendant was Plaintiff's employer from January 1, 2012, until she was terminated on April 1, 2022.

5. At all times, Defendant met the definition of "employer" under the ADA, and the PHRA.

6. At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

7. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission).

8. This action is instituted pursuant to the Americans with Disabilities Act and the Pennsylvania Human Relations Act ("the PHRC"), and applicable federal and state law.

9. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

10. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

11. The venue is properly laid in this district because the Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by the Defendant, as set forth herein.

**II. FACTS**

12. On or about January 1, 2012, Roxborough School of Nursing ("Respondent") hired Ms. Corinne Kratowicz ("Complainant") as a Teacher. Ms. Kratowicz performed all duties asked of her without any complaints or issues.

13. Ms. Kratowicz went out on a leave of absence for her disability from May 7, 2021 until January 2, 2022. When she returned from her disability leave that's when the harassment started.

14. The Dean, Paulina Marra-Powers would sit in on Ms. Kratowicz's lectures and give her feedback.

15. Defendant also started auditing her classes looking for mistakes. Other teachers were not audited like Ms. Kratowicz was audited.

16. On or around March 23, 2022 at 3:30 p.m., the Dean, Paulina Marra-Powers requested a meeting between her, Ms. Kratowicz and Steve Krouse, the Human Resources ("HR") Director regarding final comments that the students filled out on Ms. Kratowicz regarding the past semester.

17. During this meeting Ms. Kratowicz complained that she felt like she was being targeted because of her disability.

18. Soon after this meeting, on or around March 26, 2022, Ms. Kratowicz emailed Ms. Marra-Powers and Mr. Krouse explaining that she was having an exacerbation of her multiple sclerosis symptoms because of the stress of that week at work.

19. Due to the exacerbation of her multiple sclerosis, Ms. Kratowicz was not able to teach the freshman class on Joint Replacement.

20. About one week later, on or around April 1, 2022, Mr. Krouse drafted a termination letter to Ms. Kratowicz. Defendant alleged that there were deficiencies in Kratowicz's lectures and that her lectures lacked clarity.

3

21. Ms. Kratowicz felt like she was being targeted and harassed due to her disability as the harassment relating to her disability began after she returned from the medical leave of absence.

22. Defendant's allegations concerning Kratowicz's work performance were pre-textual and based on her disability.

23. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

**COUNT I**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT**
**HARASSMENT & RETALIATION**
**(42 U.S.C.A. § 12101 et seq)**

24. Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

25. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

26. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

27. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

28. At all times material hereto, Ms. Kratowicz had a qualified disability, as described above.

29. Ms. Kratowicz's disabilities included multiple Sclerosis.

4

30. Plaintiff's disability substantially limited one or more of her major life activities, including, caring for herself, sleeping, concentrating, thinking and working.

31. Defendant harassed and discriminated against Plaintiff on account of her disability by subjecting her to harassment and discrimination in the form of strict scrutiny immediately upon her return from medical leave.

32. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

33. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based on them exercising their rights under the Americans with Disabilities Act.

34. Ms. Kratowicz engaged in protected activity when she requested time off for her medical condition and when she complained that she felt targeted because of her disability.

35. Defendant's reasons for Plaintiff's termination were pretextual.

36. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

37. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

38. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

39. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
## DISABILITY DISCRIMINATION
## (43 P.S. § 951, et seq.)

40. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

41. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee as a result of that employee's disability.

42. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

43. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

44. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

45. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and

Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

46. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**COUNT III
VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
RETALIATION
(43 P.S. § 951, et. seq.)**

47. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

48. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

49. Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

50. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

51. Defendant's termination of Plaintiff's employment constituted retaliation for engaging in the protected activity of her requesting time off for her disability and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

52. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

7

has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

53. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys' fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Corinne Kratowicz, demands judgment in her favor and against the Defendant in an amount in excess of $150,000.00 together with:

A. Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which she may be entitled.

B. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

C. Punitive damages;

D. Attorney's fees and costs of suit;

E. Reimbursement for medical bills;

F. Interest, delay damages; and,

G. Any other further relief this Court deems just proper and equitable.

Date: April 24, 2023          **LAW OFFICES OF ERIC A. SHORE, P.C.**

                              BY: */s/ Mary LeMieux-Fillery*
                              **MARY LEMIEUX-FILLERY, ESQUIRE**
                              **(Pa Id. No.: 312785)**
                              Two Penn Center, Suite 1240

8

1500 John F. Kennedy Boulevard  
Philadelphia, PA 19102  
Tel.: (267) 546-0132  
Fax: (215) 944-6124  
Email: maryf@ericshore.com  
*Attorneys for Plaintiff, Corinne Kratowicz*

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

| 4/24/2023 | *Electronically Signed* 2023-04-21 17:17:30 UTC - 76.99.103.48<br>Corinne Kratowicz<br>Nintex AssureSign® 65648b92-f2e4-401e-928a-afeb01194bd4 |
|---|---|
| (Date Signed) | Corinne Kratowicz |